IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| MIGUEL CANTU-OLIVAREZ, | § | |
|    Defendant-Petitioner, | § | |
| | § | CIVIL ACTION NO. B-99-204 |
| VS. | § | |
| | § | CRIMINAL NO. B-98-446 |
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff-Defendant. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Miguel Cantu-Olivarez ("Cantu-Olivarez") has filed a petition pursuant to 28 U.S.C. § 2255 seeking a reduction of his thirty-seven (37) month sentence for violation of 8 U.S.C.§ 1326(a) imposed on January 13, 1999. (Docket No. 1). The government has filed a Motion to Dismiss (Docket No. 2) which, for the reasons set forth below, should be granted.

## BACKGROUND

Cantu-Olivarez was indicted on August 18, 1998, and charged with violating 8 U.S.C. § 1326. He entered a guilty plea. However, before he was sentenced, a superseding indictment charging him with two violations of 8 U.S.C. § 1326(a) was entered. On November 5, 1998, Cantu-Olivarez pled guilty to one count of the indictment in return for the government's agreement to recommend a two level reduction for promptly entering a plea and agreeing to waive appeal. The government also agreed to recommend an additional two point reduction for acceptance of responsibility and agreed to dismiss the second count of the indictment. The government also agreed to recommend a sentence at the low end of the guidelines.

On January 13, 1999, Cantu-Olivarez was sentenced to thirty-seven (37) months

confinement, a three year supervised release term and the mandatory special assessment. This petition was filed on December 21, 1999.

## THE § 2255 PETITION

Cantu-Olivarez argues in his petition that his sentence should be reduced because the sentencing judge impermissibly enhanced his sentencing level by using a state conviction to increase his criminal history score and enhance his offense level.

## RECOMMENDATION

This matter may be determined on the record. There is no need for a hearing. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

Cantu-Olivarez's claims fail on two grounds. First, they are not cognizable in a § 2255 petition; second they have no merit.

The Fifth Circuit has held that challenges to the application of Sentencing Guidelines do not raise constitutional claims and are thus not cognizable in a § 2255 petition. *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994), *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Cantu-Olivarez's claim is in effect a claim that his state conviction for theft was counted twice *i.e.* once in determining his offense level and once in determining his criminal history. U.S.S.G. § 2L1.2 permits this. *United States v. Franklin*, 148 F.3d 451, 461-462 (5th Cir. 1998).

IT IS THEREFORE **RECOMMENDED** that the Government's Motion to Dismiss be **GRANTED**. IT IS FURTHER **RECOMMENDED** that Miguel Cantu-Olivarez's Habeas Petition be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 10th day of March, 2000.

_____
John Wm. Black
United States Magistrate Judge

3