IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MIGUEL CANTU-OLIVAREZ,<br>    Petitioner, | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-99-204 |
| | § | |
| UNITED STATES OF AMERICA<br>    Respondent. | §<br>§<br>§ | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Petitioner Cantu-Olivarez filed a §2255 petition for a reduction of his thirty-seven (37) month sentence for violation of 8 U.S.C. § 1326(a). This petition was dismissed on April 6, 2000. (Docket No. 9). Petitioner has since filed an Application for Certificate of Appealability. (Docket No. 11)

The Antiterrorism and Effective Death Penalty Act (AEDPA), passed on April 24, 1996, affects appeals in habeas corpus proceedings by amending both 28 U.S.C. §2253 and Fed. R. App. P. 22(b). Under the amended § 2253(c), an appeal from a habeas petition under 28 U.S.C. § 2254 (state detention) or from a motion under 28 U.S.C. § 2255 (federal detention) may not be taken unless a circuit justice or judge issues a certificate of appealability. However, the amended Fed. R. App. P. 22(b) allows an appeal from a habeas petition under § 2254 (state detention) to be taken if either a district or a circuit judge issues a certificate of appealability. The United States Court of Appeals for the Fifth Circuit has resolved these inconsistencies by holding that the express grant of authority to the district court, in Fed. R. App. P. 22 (b), is compelling and less likely to have resulted from oversight than the restriction of authority to the circuit court in § 2253(c). *Else v. Johnson*, 104 F.3d. 82, 83 (5th Cir. 1997).

The standard of issuance of a certificate of appealability under AEDPA is the same as the standard for the formerly required certificate of probable cause: the applicant must make a "substantial showing of the denial of a constitutional right." *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir. 1996), *superseded by statute on other grounds, Shute v. State of Texas*, 117 F.3d 233 (5th Cir. 1997); see also *Hernandez v. Johnson*, 108 F.3d 554 (5th Cir. 1997), *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999). This means that the applicant "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4, emphasis original (1983).

Petitioner Cantu-Olivarez filed this § 2255 petition seeking a reduction of his thirty-seven (37) month sentence for a violation of 8 U.S.C. § 1326(a) which was imposed on January 13, 1999. (Docket No. 1). Mr. Cantu-Olivarez's claims fail on two grounds. First, they are not cognizable in a § 2255 petition; second they have no merit. Therefore, this Court finds that the petitioner has not made the appropriate showing under *Drinkard*.

It is, therefore, ORDERED that the application for certificate of appealability be **DENIED**. DONE at Brownsville, Texas on this 16th of May 2000.

Filemon B. Vela
United States District Judge